[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
RE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (127)
The plaintiff Rochelle Wallace is a nursing assistant at Gaylord Hospital. The plaintiff was absent from work from February 24, 1989 until May 2, 1989. The plaintiff claims that the defendants Gaylord Hospital and its employees improperly designated this absence from work as a medical leave of absence, rather than sick leave, thereby depriving the plaintiff of certain benefits of employment. The plaintiff alleges that the defendants' failure to designate such absence as sick leave deprived the plaintiff of her contractual rights under the Employee Manual and company personnel policy.
The defendants have moved for summary judgment asserting that there exists no contractual basis for the plaintiff's claims. In Finley v. Aetna Life and Casualty, Co. 202 Conn. 190, 198
(1987), our Supreme Court recognized the principle that CT Page 7558 representations in an employee manual, under appropriate circumstances, may give rise to an express or implied contract between employer and employee. The court, however, noted that "by eschewing language that could reasonably be construed as a basis for a contractual promise, or by including appropriate disclaimers of the intention to contract, employers can protect themselves against employee contract claims based on statements made in personnel manuals." Id. at 199 n. 5. The employee manual of the defendant hospital, upon which the plaintiff bases her contractual claim, provides that "nothing contained in this manual is intended to create or shall be construed to create a guarantee or contract of employment between the Gaylord Hospital or any employee of the Hospital." The Employee Manual does, therefor, contain language stating that it should not be construed as a contract and disclaiming any intent to contract. Under such circumstances, the Gaylord Employee Manual cannot be construed as a contract. See Finley, 202 Conn. at 199 n. 5. It necessarily follows that the plaintiff's contract-based cause of action against the defendant hospital must fail.
The plaintiff's affidavit in opposition to the motion for summary judgment states that she believes that the actions of Gaylord Hospital, when combined with the guidelines in the manual, created a contract which was thereafter violated by the defendants. In Christensen v. Bic Corporation, 18 Conn. App. 451,458 (1989) the court declared that "the mere fact that the plaintiff believed the guidelines to constitute a contract does not bind [the defendant] without some evidence that it intended to be bound to such a contract." There exists no evidence that the defendant hospital intended to be bound by a contract. In fact, the language in the employee manual specifically states that the manual is not to be construed as a contract. Similarly, plaintiff's claims against the individual defendants must also fail because these claims are promised on a breach of contract and such a contract did not exist.
For the reasons stated, the motion for summary judgment is granted.
DORSEY, J.